UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABG-SHAQ, LLC, | Case No.: 2:24-cv-00996-APG-BNW |
| Plaintiff | **Second Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction** |
| v. | |
| NOVEX BIOTECH, LLC, | |
| Defendant | |

Plaintiff ABG-SHAQ, LLC filed this case in this court based on diversity jurisdiction.[1] ECF No. 1. However, the plaintiff did not identify the citizenship of each of the members of itself and the defendant. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). I therefore ordered the plaintiff to show cause by June 28, 2024 why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 4. The plaintiff did not respond to my order. In the meantime, the defendant filed an answer and counterclaims,[2] but it also does

---

[1] The complaint seeks relief under the federal Declaratory Judgment Act, but that statute is not an independent source of federal jurisdiction, and the complaint does not assert federal question jurisdiction. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) (stating that "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction").

[2] The defendant also purports to bring a third-party complaint against Shaquille O'Neal. Under Federal Rule of Civil Procedure 14, a defendant may serve "a third-party complaint upon a person not a party to the action who is or may be liable to the original defendant for all or part of the plaintiff's claim." *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983) (simplified). Thus, "a third-party claim may be asserted only when . . . the third party's liability is secondary or derivative" to the liability of the original defendant. *Id.* The defendant's third-party complaint against O'Neal does not seek indemnification for the plaintiff's original claims. Rather, it asserts counterclaims against the plaintiff and O'Neal. Under Rule 13(h), a counterclaim may join additional parties consistent with Rules 19 and 20. I therefore construe the third-party complaint as counterclaims against O'Neal.

not identify its citizenship or the plaintiff's citizenship. ECF No. 8.  Accordingly, I direct both parties to show cause why the complaint and counterclaims should not be dismissed for lack of subject matter jurisdiction.

      I THEREFORE ORDER plaintiff ABG-SHAQ, LLC and defendant Novex Biotech, LLC shall show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by July 16, 2024 will result in dismissal of this case for lack of subject matter jurisdiction.

      DATED this 2nd day of July, 2024.

                                     ANDREW P. GORDON
                                     UNITED STATES DISTRICT JUDGE